**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO.: 2:20-CV-14323**

**GINGER FEATHERSTONE,**

   **Plaintiff,**

**vs.**

**FLOOR AND DECOR OUTLETS OF**
**AMERICA, INC. d/b/a FLOOR & DECOR,**
**and ORLANDO ADAMES,**

   **Defendant.**
_____/

**DEFENDANTS', FLOOR AND DECOR OUTLETS OF AMERICA, INC.**
**AND ORLANDO ADAMES' NOTICE OF REMOVAL, MOTION TO**
**DROP FRAUDULENTLY JOINED PARTY, AND**
**INCORPORATED MEMORANDUM OF LAW**

   The Defendants, FLOOR AND DECOR OUTLETS OF AMERICA, INC. and ORLANDO ADAMES, by and through their undersigned counsel, within the time prescribed by law, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and F.R.C.P. Rule 21, hereby give Notice of Removal of this action originally filed in the Nineteenth Judicial Circuit in and for St. Lucie County, Florida [Case No.:  2020CA000854] to the United States District Court, Southern District of Florida based on Diversity Jurisdiction, and further move this Honorable Court to drop Defendant, ORLANDO ADAMES, as a fraudulently joined party, and in support thereof state the following:

**BACKGROUND INFORMATION**

   1.     On June 9, 2020, the Plaintiff, GINGER FEATHERSTONE, filed a trip and fall negligence action in the Circuit Court of the Nineteenth Judicial Circuit, in and for St. Lucie

County, Florida [Case No.: 2020CA000854] based upon an incident allegedly occurring on or about May 22, 2020, at the Defendant's Floor & Decor retail store located at 2260 SW Gatlin Blvd., Port Saint Lucie, St. Lucie County, Florida 34953.  [A copy of the Plaintiff's Complaint is attached hereto as Exhibit "A"].  The Plaintiff, GINGER FEATHERSTONE, claims that she tripped and fell over a tile display in the subject store.  [See Exhibit "A" at ¶7].

2.      The State Court action may be Removed to this Honorable Court based upon diversity of citizenship of the parties, and because the amount in controversy is clearly in excess of $75,000.00, exclusive of interest, attorney's fees, and costs. See 28 U.S.C. § 1441; 28 U.S.C. §1332.

3.      Venue is proper in the United States District Court for the Southern District of Florida, Fort Pierce Division, because the State Court action was filed in the Nineteenth Judicial Circuit in and for St. Lucie County, Florida.

4.      Pursuant to 28 U.S.C. § 1446,  the Defendant attaches hereto as Composite Exhibit "B" and makes a part of this notice a copy of the process, pleadings, and other papers filed in the Nineteenth Judicial Circuit of the State of Florida in and for St. Lucie County, together with a docket sheet from the St. Lucie County Clerk of Court.  [See Composite Exhibit "B"].

5.      There are three motions currently pending in the State Court action: Defendant, Orlando Adames' Motion for Extension of Time to Respond to the Complaint is currently pending in the State Court action and is attached hereto as Exhibit "C"; Defendant, Orlando Adames' Motion for Extension of Time to Respond to Discovery is currently pending in the State Court action and is attached hereto as Exhibit "D"; and Defendant, Floor and Decor's Motion to Compel Better Responses to Request for Admissions is currently pending in the State Court action and is

attached hereto as Exhibit "E."  *See* <u>U.S. District Court for the Southern District of Florida Local Rule 7.2 (rev. Dec. 3, 2018)</u>.

## **REMOVAL FOR DIVERSITY JURISDICTION**

6.      The instant State Court action may be Removed to this Honorable Court based upon diversity jurisdiction in accordance with 28 U.S.C. § 1441 and 28 U.S.C. §1332.

7.      "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district embracing the place where such action is pending."  <u>28 U.S.C. §1441(a)</u>.

8.      "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  <u>28 U.S.C. §1441(b)</u>.

9.      "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  <u>28 U.S.C. §1332(a)</u>.

10.      A party removing a case from state to federal court has the burden of proving that federal jurisdiction exists.  <u>Williams vs. Best Buy Co.</u>, 269 F. 3d 1316, 1319 (11th Cir. 2001).

11.      As demonstrated below, removal to this Honorable Court is proper in this case as this Court has original jurisdiction over this civil action; specifically, there is complete diversity of citizenship between the Plaintiff and the Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

12.     "Under 28 U.S.C. § 1332(a), diversity of citizenship is required to establish diversity jurisdiction." E.S.Y., Inc. vs. Scottsdale Ins. Co., 217 F. Supp.3d 1356, 1363 n. 2 (S.D. Fla. 2015). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick vs. Aderholt, 293 F.3d 1254, 1257 (11ᵗʰ Cir. 2002).  "It is well established that a party's residence is *prima facie evidence* of a party's domicile" and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." Katz vs. J.C. Penney Corp., Inc., 2009 WL 1532129, *Order Denying Motion for Remand* (S.D. Fla., June 1, 2009).

13.     For the reasons detailed below, this action satisfies the complete diversity of citizenship requirement set forth by 28 U.S.C. § 1332(a)(1).

14.     The Plaintiff, GINGER FEATHERSTONE, is a citizen of Martin County, Florida and is not a citizen of Delaware or Georgia.

15.     For the purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c).

16.     Defendant, FLOOR AND DECOR OUTLETS OF AMERICA, INC., is a foreign corporation formed under the laws of the State of Delaware with its principal place of business in the State of Georgia, and as such should be considered for diversity purposes a citizen of both the States of Delaware and Georgia.

17.     Defendant, ORLANDO ADAMES, is a citizen of the State of Florida.

18.     Joinder of Defendant, ORLANDO ADAMES, the current store manager, as a party to this lawsuit is fraudulent and designed solely to defeat diversity jurisdiction since (a) he was not present at the subject store at the time of the incident and thus exercised no control and/or authority

upon which a duty to act could be founded, and (b) there is no cause of action under Florida law against a store manager without his personal participation in the tortuous conduct.  As such, he must be dropped from the lawsuit, at which time complete diversity will exist.

### AMOUNT IN CONTROVERSY

19.     At the time of the filing of the Complaint and service upon the Defendant, Plaintiff had provided absolutely no information regarding her injuries, the extent thereof, and/or her damages (both general and special) to the Defendant.

20.     In her Complaint, Plaintiff has pled that "[t]his is an action for damages **in excess of Thirty-Thousand and One Dollar ($30,001.00)**, exclusive of interest, attorney's fees and costs.  [See Exhibit "A" at ¶1].  Plaintiff had not pled any more specific amount of damages.

21.     When a plaintiff files a case in state court, and fails to plead a specific amount of damages, the removing defendant must only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirements.  Williams, 269 F.3d at 1319.  Thus, a removing defendant need only show that "the amount in controversy more likely than not exceeds the . . . jurisdictional requirement."  Roe vs. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010).

22.     The Plaintiff has made claims for damages which include:  "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and/or aggravation of a pre-existing condition."  [See Exhibit "A" at ¶18].  The Plaintiff also claims "the losses are either permanent or continuing and **Plaintiff will suffer such losses in the future**." [See Exhibit "A" at ¶9].

23.     "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." Katz, 2009 WL 1532129 at *4 (citing Lowery vs. Alabama Power Co., 483 F.3d 1184, 1213-1214 (11th Cir. 2007)).  "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." Id. (citing Williams, 269 F.3d at 1320 and Sierminski vs. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." Id.  ("The Court concludes that Defendant has met its jurisdictional burden of establishing the amount in controversy based on information received from Plaintiffs in the pre-suit demand package.").

24.     Further, the Court may look at the amount of the Plaintiff's medical bills incurred in determining whether the case meets the jurisdictional requirements.   See Wilson vs. Time Insurance Company, 2006 WL 2092259 (M.D. Fla. 2006; Case No.: 2:06-CV-147-FTM-99SPC).

25.     In the State Court Action, the Defendant propounded its Interrogatories and Requests for Production on the Plaintiffs on July 2, 2020.

26.     Plaintiff served her Answers to Interrogatories and Response to Request for Production were served on August 17, 2020. [A redacted copy of the Plaintiff's Answers to Interrogatories is attached hereto as Exhibit "F." A copy of the Plaintiff's Responses to Request for Production with responsive medical bills is attached hereto as Composite Exhibit "G."]In Plaintiff's, Answers to Interrogatories pertaining to the amount of her medical bills incurred, Plaintiff made it clear that her already-accrued medical special damages were approaching the jurisdictional requirements on their own, and that they would continue to accrue. Her specific Answer to Interrogatory number 19 is as follows:

> **19. I do not know the total amount of the bills. I know the hospital visit was around $59,000. My out of pocket expenses are around $1,500 so far. I just started physical therapy this week so those are additional bills that will be coming.**

27.     In addition to the roughly $61,500.00 in already accrued special damages, Plaintiff makes it clear that she has "just started" physical therapy, and as such those bills will accrue.

28.     Additionally, Plaintiff made it clear that her recovery from her injuries was far from complete orthopedically, stating in response to an interrogatory regarding the scope and status of her injuries:

> **14. I am still unable to walk at this point and am non weight bearing without my boot. I am just this week starting weight bearing at 50% while wearing my boot. I use a knee scooter for transportation. The tibia has started to knit, but the fibula has not connected as of today.**

29.     Utilizing common sense and general knowledge, it is obvious that the Plaintiff's eventual claimed damages, the "amount in controversy," will end up significantly beyond the roughly $61,500.00 itemized thus far, and will include further visits with her orthopedist/orthopedic surgeon, and potentially further diagnostic imaging as well.

30.     When considering the totality of the allegations made in the Complaint, which include additional claims above and beyond the past medical bills of roughly $61,500.00, plus claims for past non-economic damages, future non-economic damages and future economic damages, the only conclusion that can be reached is that the amount in controversy exceeds $75,000.  As such, removal is appropriate here.  *See, e.g., Katz*, 2009 WL 1532129 at *5 (holding that the jurisdictional amount in controversy was established where Plaintiff's pre-suit demand package set forth medical expenses in the amount of $58,995.78 and also made claims for future medical expenses and pain and suffering).

## <u>TIMELY NOTICE OF REMOVAL</u>

31.     Generally, a defendant has 30 days from service of the initial pleading to timely file a notice of removal.  <u>28 U.S.C. § 1446(b)(1)</u>.  However, there is an exception to this general rule: "Except as provided in [28 U.S.C § 1446(c)], if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or **other paper** from which it may first be ascertained that the case is one which is or has become removable." <u>Id.</u> at § 1446(b)(3) (emphasis added).  If removal is sought on the basis of diversity jurisdiction, a case may not be removed pursuant to the above exception more than one year after commencement of the action.  <u>Id.</u> at § 1446(c)(1).

32.      "For the purposes of the first paragraph of § 1446(b), the thirty day time period in which a defendant must remove a case starts to run from the defendant's receipt of the initial pleading <u>only</u> when that pleading affirmatively reveals <u>on its face</u> that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court".  <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160 (5th Cir. 1992).  "We believe the better policy is to focus the parties' and the court's attention on what the initial pleading sets forth, by adopting a bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." <u>Id</u>.

33.     The time period for removal is triggered only by documents that "clearly establish federal jurisdiction." <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007).

34.     In the instant case, the time period for removal was not triggered until **August 17, 2020**, when the Defendant received Plaintiff's Interrogatory Answers and partial medical bills as

part of her Response to Request for Production. 28 U.S.C. § 1446(c)(3)(A) ("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332, information relating to the amount in controversy . . . in responses to discovery, shall be treated as 'other paper' under subsection (b)(3)); *see also, e.g.,* Wilson v. General Motors Corp., 888 F.2d 779, 782 (11th Cir. 1989) (holding that a plaintiff's discovery response can constitute such "other paper from which it may first be ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3));

35.     However, prior to August 17, 2020, the Defendant had no reasonable basis to conclude that the amount in controversy met the jurisdictional amount to make removal proper, much less to conclude that federal jurisdiction had been "clearly established."  The Plaintiff did not specify an amount in controversy in her Complaint, nor did the Complaint provide any specificity regarding the scope of her damages, other than that they exceed the $30,000.00 jurisdictional requirement.  [See Exhibits "A" and "B"].

36.     The initial pleading, Plaintiffs' Complaint, was filed on June 9, 2020.  [See Exhibit "A"].  Therefore, this Notice of Removal is being filed within one year of the filing of the Complaint, satisfying 28 U.S.C. § 1446(c)(1).

37.     In sum, the amount in controversy was not "clearly established" until Plaintiff, GINGER FEATHERSTONE, provided discovery responses and produced her partial medical bills on August 17, 2020 which, viewed in the totality of the circumstances, require a finding that the amount in controversy exceeds $75,000.00.  As such, the Defendant has satisfied the timely filing exception of 28 U.S.C. § 1446(b)(3).  Further, the Defendant has also satisfied the one-year time limit for the timely filing exception.  *See* 28 U.S.C. § 1446(c)(1).

**FRAUDULENT JOINDER/MOTION TO DROP FRAUDULENTLY JOINED PARTY**

38.     Courts recognize an exception to the complete diversity requirement for cases in which a nondiverse party has been fraudulently joined.  See Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). The Eleventh Circuit has acknowledged three situations in which joinder is deemed fraudulent. The first situation is when there is no possibility that the plaintiff can prove a cause of action against the nondiverse defendant. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). The second is where there is outright fraud in the plaintiff's pleading of jurisdictional facts.  See Triggs, 154 F.3d at 1287.  The third is where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.  See Triggs, 154 F.3d at 1287; Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1355 (11th Cir. 1996).

39.     The instant case fits both the first and third situations.  The Plaintiff has no possibility of proving a cause of action against Defendant, ORLANDO ADAMES, because he was not working at the subject store at the time of the incident. [See the Affidavit of Orlando Adames, attached hereto as Exhibit "H."] He could not have breached a duty to the Plaintiff as he was not physically present, nor was he in any way authorized to take action as an off-duty employee. Also, Defendant FLOOR AND DECOR OUTLETS OF AMERICA, INC. is the real party in interest and there is no joint, several or alternative liability with Defendant, ORLANDO ADAMES, since a store manager cannot be held liable without actively participating in the tortuous conduct.

40.     The case of Accordino v. Wal-Mart Store East, L.P., 2005 WL 3336503 (M.D. Fla., 2005), closely parallels the facts of the instant case where a store manager was sued in his individual capacity simply as an attempt to defeat diversity jurisdiction.  Evidence showed that the

manager was on vacation at the time of the incident in the store. The Court held the Plaintiff had "no possibility" of proving its claim against the manager in his individual capacity.

41.     A plaintiff cannot defeat removal by joining a non-diverse defendant having no real connection with the controversy. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). If a defendant is fraudulently joined, that defendant's citizenship is not considered in determining whether complete diversity exists. Russell Petroleum Corp. v. Environ Prods., Inc., 333 F.Supp.2d 1228, 1231 (M.D. Ala. 2004). The defendant must show there is "no possibility" that the plaintiff would be able to establish a claim against the non-diverse defendant in state court. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleading at the time of removal, *supplemented by any affidavits* and deposition transcripts submitted by the parties. Pacheco de Perez v. AT&T Co., 139 F.3d 1380 (11th Cir. 1998).

42.     In the instant case, Defendant, ORLANDO ADAMES, has essentially no connection to the incident alleged in the Complaint. He was not in the store on the date of loss. He did not perform any of the tasks nor make any of the decisions that led to the subject display over which Plaintiff tripped and fell being placed where it was.

43.     In order for a defendant to be individually liable for a tort in Florida, the defendant must have committed the alleged tortuous act in his individual capacity. See Kimmons v. IMC Fertilizer, Inc., 844 F.Supp. 738, 739, 740 (M.D. Fla. 1994)(concluding that non-diverse manager of a corporation was not liable to plaintiff where manager did not personally participate in events giving rise to plaintiff's accident and was not present at accident site at time of plaintiff's injury); McElveen v. Peeler, 544 So.2d 270, 271, 272 (Fla. 1st DCA 1989)(finding personal participation

in tortuous act a prerequisite for imposing liability upon individual corporate officers or agents and rejecting liability based solely on general administrative responsibility); <u>Orlovsky v. Solid Surf, Inc.</u>, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981)(finding that a corporate agent does not incur personal liability for torts merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has participated in the wrong).

44.     As such, the Plaintiff has no possibility of proving a claim against a store manager of FLOOR AND DECOR OUTLETS OF AMERICA, INC. without active participation in the tortuous conduct by the manager himself.

WHEREFORE, for all the foregoing reasons, the Defendants, FLOOR AND DECOR OUTLETS OF AMERICA, INC. and ORLANDO ADAMES, hereby request this Honorable Court to accept jurisdiction over this matter via Removal from State Court on grounds of diversity jurisdiction, dismiss ORLANDO ADAMES as a fraudulently joined Defendant, and for such other relief as deemed just and proper.

Dated:          September 15, 2020.

                 Respectfully submitted,

                 HIGHTOWER, STRATTON, NOVIGROD & KANTOR
                 330 Clematis Street, Suite 201
                 West Palm Beach, Florida 33401
                 Telephone: (561) 833-2022
                 Facsimile:  (561) 833-2140

                 By: Joseph A. Cafaro
                 JOSEPH A. CAFARO, ESQ.
                 Florida Bar No.:        90942
                 Primary:        jcafaro@hightowerlaw.net
                 Secondary:      arosales@hightowerlaw.net
                 *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 15, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day upon the attached service list, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive Notices of Electronic Filing.

HIGHTOWER, STRATTON, NOVIGROD & KANTOR
330 Clematis Street, Suite 201
West Palm Beach, Florida 33401
Telephone: (561) 833-2022
Facsimile:  (561) 833-2140

By: Joseph A. Cafaro____
JOSEPH A. CAFARO, ESQ.
Florida Bar No.:       90942
Primary:       jcafaro@hightowerlaw.net
Secondary:     arosales@hightowerlaw.net
*Counsel for Defendants*

<u>**SERVICE LIST**</u>

**Ginger Featherstone vs. Floor and Decor Outlets of America, Inc. and Orlando Adames**
**United States District Court, Southern District of Florida**
**CASE NO.:**


P. Alexander Gillen, Esq.
NEWSOME MELTON
201 S. Orange Avenue
Suite 1500
Orlando, FL 32801
gillen@newsomelaw.com;
sucharski@newsomelaw.com;
cardosa@newsomelaw.com
*Counsel for Plaintiff Ginger Featherstone*

Joseph A. Cafaro, Esq.
HIGHTOWER, STRATTON, NOVIGROD & KANTOR
330 Clematis Street, Suite 201
West Palm Beach, Florida 33401
jcafaro@hightowerlaw.net
arosales@hightowerlaw.net
*Counsel for Defendants Floor and Decor Outlets*
*of America, Inc. and Orlando Adames*