|  |  |
|---|---|
| | IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR ST LUCIE COUNTY, FLORIDA. |
| GINGER FEATHERSTONE | CASE NO.: 562020CA000854AXXXHC |
| Plaintiff, | JUDGE: Judge Elizabeth Metzger |
| vs. | |
| FLOOR AND DECOR OUTLETS OF AMERICA INC. d/b/a FLOOR & DÉCOR and ORLANDO ADAMES, | |
| Defendants, _____/ | |

## COMPLAINT

The Plaintiff, GINGER FEATHERSTONE, by and through her undersigned counsel, hereby sues the Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. d/b/a FLOOR & DÉCOR and ORLANDO ADAMES, and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for damages that exceed Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

2. At all relevant times, the Plaintiff, GINGER FEATHERSTONE, was a resident of Martin County, Florida.

3. At all relevant times, the Defendant, ORLANDO ADAMES, was a resident of Port St. Lucie, St. Lucie County, Florida.

4. At all times material hereto and at the time of the incident complained of, Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. d/b/a FLOOR & DECOR was a foreign for-profit corporation that was licensed to do business in the State of Florida.

5. At all times material hereto, and at the time of the incident complained of, Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. d/b/a FLOOR &

DECOR, owned, operated, maintained and controlled a retail store, located at 2260 SW Gatlin Blvd., Port Saint Lucie, FL 34953.

6. At all times material hereto, and at the time of the incident complained of, Defendant, ORLANDO ADAMES, was the General Manager of the FLOOR & DÉCOR location which is the subject of this action.

7. On or about May 22, 2020, Plaintiff, GINGER FEATHERSTONE, was a business invitee who was lawfully on Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. d/b/a FLOOR & DÉCOR's, afore-described premises, when Plaintiff was injured due to a negligently placed display in the common walk-area. As a result of the incident in question, Plaintiff was seriously and severely injured as more fully set forth herein.

## COUNT I – NEGLIGENCE OF FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DÉCOR

Plaintiff, GINGER FEATHERSTONE, repeats and re-alleges those allegations contained in paragraphs 1-7 and incorporates sad allegations as if set forth fully herein.

8. On or about May 22, 2020, the Plaintiff, GINGER FEATHERSTONE, was lawfully upon the premises located at or near 2260 SW Gatlin Blvd, Port Saint Lucie, FL 34953.

9. At said time and place, Plaintiff, GINGER FEATHERSTONE, through no fault of her own was injured due to a dangerous condition that was created by the actions and/or omissions of agents, servants, or employees of Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, and allowed to exist on the property.

10. Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, by and through its agents, servants, employees or others, over which it has responsibility and control in the course and scope

of their duties and in furtherance of the interest of Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, caused and/or created a dangerous condition on the premises located at or near 2260 SW Gatlin Blvd, Port Saint Lucie, FL 34953.

11. Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, engaged in a mode of operation in and upon the premises that caused a dangerous and unsafe condition to exist upon the premises.

12. Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, negligently hired and/or failed to properly supervise others who performed work and services on its premises who caused and/or created a dangerous condition on the subject premises.

13. At the aforementioned time and place, Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, owed a non-delegable duty of care to all invitees, including the Plaintiff to keep the premises free from dangerous conditions and hazards of which they knew or should have known.

14. At the aforementioned time and place, Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, by and through its agents servants, employees and/or others over which it has responsibility and control breaches its duty owed to Plaintiff, GINGER FEATHERSTONE, by committing one or more of the following negligent and/or careless acts of commission and/or omission:

A. By negligently, carelessly and improperly maintaining the store premises located at 2260 SW Gatlin Blvd, Port Saint Lucie, FL 34953;

B. By negligently, carelessly, and improperly setting up a mobile display in the common walk-way/aisle which created a dangerous and hazardous condition on the subject premises;

C. By negligently, carelessly, and improperly creating, causing and/or maintaining the dangerous and hazardous condition described hereinabove;

D. By negligently and carelessly failing to provide reasonably safe premises for business invitees and patrons to safely shop on the subject premises;

E. By negligently and carelessly failing to warn the public, including the Plaintiff, of the dangerous and hazardous condition described hereinabove;

F. By engaging in a negligent mode of operation that could foreseeably result in injury to persons lawfully on the premises, including not reasonably maintaining the common walk-way/aisle inside the store.

15. Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, knew or should have known through the exercise of reasonable care of the dangerous condition that existed upon the subject premises.

16. Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, failed to implement and/or enforce policies and procedures reasonably calculated to mitigate, reduce and/or eliminate the risk of the injuries and harm discussed above.

17. Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, failed to select, hire and/or train sufficient personnel whose job duties include actions reasonably calculated to mitigate, reduce and/or eliminate the risk of the injuries and harm discussed above.

18. As a direct and proximate result of the negligence of the Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, the Plaintiff, GINGER FEATHERSTONE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, GINGER FEATHERSTONE, demands judgment against Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, for damages in and further demands trial by jury on all issues so triable.

## **COUNT II – NEGLIGENCE OF MANAGER, ORLANDO ADAMES**

Plaintiff, GINGER FEATHERSTONE, repeats and re-alleges those allegations contained in paragraphs 1-7 and incorporates said allegations as if set forth fully herein.

19. On or about May 22, 2020, Defendant, ORLANDO ADAMES, was an employee of Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, and the general manager of the store located at or near 2260 SW Gatlin Blvd, Port Saint Lucie, FL 34953.

20. As general manager of Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, location at or 2260 SW Gatlin Blvd, Port Saint Lucie, FL 34953, he controlled access to the premises giving rise to a direct duty of care to those persons that he permitted to access the premises.

21. At all times material hereto, Defendant, ORLANDO ADAMES, was directly responsible for maintaining and operating the store and therefore is personally liable to Plaintiff.

22. At all times material hereto, Defendant, ORLANDO ADAMES was directly responsible for following Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR's, policies of store management.

23. At all material times and by virtue of his position with Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, Defendant, ORLANDO ADAMES, owed Plaintiff, GINGER FEATHERSTONE, a duty to maintain the store premises in a reasonably safe condition and to warn Plaintiff of any dangers.

24. On or about May 22, 2020, the Plaintiff, GINGER FEATHERSTONE, was lawfully upon the subject premises located at or near 2260 SW Gatlin Blvd, Port Saint Lucie, FL 34953.

25. At said time and place, Plaintiff, GINGER FEATHERSTONE, through no fault of her own was injured due to a dangerous condition that was created by the actions and/or omissions of agents, servants, or employees of Defendant, FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, and allowed to exist on the property.

26. Defendant, ORLANDO ADAMES, caused and/or created a dangerous condition on the premises by failing to ensure that the store premises was free from dangerous and hazardous conditions.

27. Alternatively, Defendant, ORLANDO ADAMES, negligently hired and/or failed to properly supervise others who performed work and services on the premises who caused and/or created a dangerous condition on the premises.

28. At the aforementioned time and place, Defendant, ORLANDO ADAMES, owed a non-delegable duty of care to all invitees, including the Plaintiff to keep the premises free from dangerous conditions and hazards of which they knew or should have known.

29. At the aforementioned time and place, Defendant, ORLANDO ADAMES, by and through his agents, servants, employees and/or others over which she has responsibility and control, breached her duty owed to Plaintiff, by committing one or more of the following negligent acts of commission and/or omission:

    A. By negligently, carelessly and improperly maintaining the store premises located at 2260 SW Gatlin Blvd, Port Saint Lucie, FL 34953;

    B. By negligently, carelessly, and improperly setting up a mobile display in the common walk-way/aisle which created a dangerous and hazardous condition on the subject premises;

    C. By negligently, carelessly, and improperly creating, causing and/or maintaining the dangerous and hazardous condition described hereinabove;

    D. By negligently and carelessly failing to provide reasonably safe premises for business invitees and patrons to safely shop on the subject premises;

    E. By negligently and carelessly failing to warn the public, including the Plaintiff, of the dangerous and hazardous condition described hereinabove; and

    F. By engaging in a negligent mode of operation that could foreseeably result in injury to persons lawfully on the premises, including not reasonably maintaining the floors inside the store.

30. In addition to his active negligence described hereinabove, Defendant, ORLANDO ADAMES, breached his duty as store manager of the premises by failing to implement and/or enforce policies and procedures reasonably calculated to mitigate, reduce and/or eliminate the risk of the injuries and harm discussed herein above.

31. In addition to his active negligence described hereinabove, Defendant, ORLANDO ADAMES, breached his duty as store manager of the premises by failing to select, hire, supervise, and/or train sufficient personnel whose job duties include actions reasonably calculated to mitigate, reduce and/or eliminate the risk of the injuries and harm discussed herein above.

32. As a store manager, Defendant, ORLANDO ADAMES, has a special relationship with the patrons, which gives rise to a special duty to protect them against unreasonable risk of physical harm.

33. As a manager of the premises, Defendant, ORLANDO ADAMES, owed Plaintiff a duty of reasonable care and a duty to implement reasonable inspection procedures to discover hazards which exist on the property he manages in order to protect its patrons from physical harm.

34. Defendant, ORLANDO ADAMES, either knew, or through reasonable inspection, should have known of the dangerous conditions, described herein, which then existed on the premises that he managed and failed to take appropriate steps to eliminate the hazards and/or failed to provide adequate warnings of the hazard to the Plaintiff.

35. Defendant, ORLANDO ADAMES, breached the duties he owed to Plaintiff, described herein by failing to follow FLOOR AND DECOR OUTLETS OF AMERICA INC. D/B/A FLOOR & DECOR, policies and procedures.

36. As described hereinabove, Defendant, ORLANDO ADAMES, is liable for more than mere technical or vicarious fault, for the injuries sustained by

Plaintiff. Defendant, ORLANDO ADAMES, was directly responsible for carrying out certain responsibilities, he negligently failed to do so, and as result, Plaintiff, GINGER FEATHERSTONE was injured. *White v. Wal-Mart Stores, Inc.,* 918 So.2d 357 (Fla. 1st DCA 2005).

37. As a direct and proximate result of the negligence of the Defendant, ORLANDO ADAMES, the Plaintiff, GINGER FEATHERSTONE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, GINGER FEATHERSTONE, demands judgment against Defendant, ORLANDO ADAMES, for damages in and further demands trial by jury on all issues so triable.

Dated this 9th day of June 2020.

**The Eberst Law Firm, P.A.**
*Attorneys for the Defendant*
101 SE Martin Luther King Jr Blvd.
Stuart, FL 34994
(772)225-4900  Telephone
(772)209-7698  Facsimile

/s/ JONATHON T. EBERST
Jonathon T. Eberst, Esq.
Florida Bar No. 0067925
Donna E. DeMarchi
Florida Bar No. 0172456
Litigation@EberstLaw.com – primary email
AParsons@EberstLaw.com – secondary email