UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  20-CV-14323-ROSENBERG

GINGER FEATHERSTONE

              Plaintiff,

v.

FLOOR AND DÉCOR OUTLETS OF
AMERICA, INC., and ORLANDO
ADAMES,

           Defendants.

_____/

## PLAINTIFF'S MOTION FOR REMAND
## AND INCORPORATED MEMORANDUM OF LAW

PLAINTIFF, Ginger Featherstone hereby submit this Motion for Remand and Incorporated Memorandum of Law and states as follows:

### A. Executive Summary

On September 15, 2020, this case was improperly removed from the Circuit Court of St. Lucie County, Florida, and it should be remanded to state court for the following reasons:

1. Procedural Defect: Defendant failed to comply with the 30-day deadline for removal under 28 U.S.C. Code § 1446; and,

2. Orlando Adames is a resident of the State of Florida and a properly named defendant in this matter.

### B. Introduction

On June 9, 2020, Plaintiff filed a personal injury suit in St. Lucie County, Florida against retail flooring and tile store, Floor and Décor Outlets of America, and the store's "Chief Executive

Merchant" (Store Manager), Orlando Adames. In the Complaint, Plaintiff alleges the negligence of Floor and Décor and Mr. Adames caused her to sustain a broken ankle during a fall caused by an in-store display. Floor and Décor was served with a copy of the complaint on June 10, 2020 and Mr. Adames was served with a copy of the Complaint on June 11, 2020. On September 15, 2020, Defendants filed a Notice of Removal, alleging that the amount in controversy is greater than $75,000 and fraudulent joinder of the non-diverse party, Mr. Adames.

Given the information provided in the Notice of Removal, Plaintiff does not contest that the amount in controversy exceeds $75,000, however, Plaintiff moves for remand of this action to Circuit Court because Orlando Adames is a proper party to this action due to his personal course of action as well as the untimely removal of this case from circuit court, St. Lucie County, Florida.

### C. Standard - Removing Party's Burden

Federal courts are courts of limited jurisdiction and uncertainties regarding the jurisdiction of the court are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence, and the removing party must present facts establishing its right to remove. *See Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

### D. Procedural Defect: Defendant's Removal was Untimely

Defendants filed a Notice of Removal on September 15, 2020, **32 days** after Plaintiff served the answers to discovery upon which removal is premised. 28 U.S.C §1446 provides, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or

otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C 1446(b)(3).

In the notice of removal, Defendants claim that "In the instant case, the time period for removal was not triggered until **August 17, 2020**, when the Defendant received Plaintiff's Interrogatory Answers and partial medical bills" (D.E. 1, at ¶34, emphasis in original). Defendant continues, "[i]n sum, the amount in controversy was not "clearly established" until Plaintiff, GINGER FEATHERSTONE, provided discovery responses and produced her partial medical bills on August 17, 2020 which, viewed in the totality of the circumstances, require a finding that the amount in controversy exceeds $75,000.00. As such, the Defendant has satisfied the timely filing exception of 28 U.S.C. § 1446(b)(3)." (D.E. 1 at ¶37). Defendant, in fact, has not satisfied the timely filing exception.

However, Plaintiff served the discovery responses, which are quoted in Defendant's Notice of Removal at D.E. 1, ¶26 and attached thereto as exhibits, on August 14, 2020, not August 17, 2020, as Defendants represent to the Court. The service email, a screenshot of which is excerpted below, is attached as *Exhibit A* hereto.

*[Image on the following page.]*

3



RE: SERVICE OF COURT DOCUMENT CASE NUMBER 562020CA000854AXXXHC FEATHERSTONE, GINGER vs.
FLOOR AND DECOR OUTLETS OF AMERICA INC

Lara Sucharski <sucharski@newsomelaw.com>

Fri 8/14/2020 5:02 PM

To: jcafaro@hightowerlaw.net>, jcafaro@hightowerlaw.net>, arosales@hightowerlaw.net <arosales@hightowerlaw.net>, GillenTeam
<gillenteam@newsomelaw.com>
Cc: Donna DeMarchi <DDeMarchi@eberstlaw.com>, eservice@eberstlaw.com <eservice@eberstlaw.com>
Bcc: Alex Gillen <gillen@newsomelaw.com>; Olivia Cardosa <cardosa@newsomelaw.com>; Lara Sucharski <sucharski@newsomelaw.com>

🖉 9 attachments (2 MB)
Notice Of Serving Answers To Interrogatories.pdf; Notice Of Serving Answers To Interrogatories.pdf; Notice Of Serving Answers To Interrogatories.pdf; Response To
Request For Admissions.pdf; Response To Request For Production.pdf; Response To Request For Production.pdf; Ptf Answers to Rogs.pdf; Ptf Answers to Collateral
Source Rogs...pdf; Ptf Answers to Medicare Rogs.pdf

### Notice of Service of Court Documents
### Filing Information

| | |
|---|---|
| Filing #: | 111839015 |
| Filing Time: | 08/14/2020 04:43:15 PM ET |
| Filer: | Patrick Alexander Gillen 407-648-5977 |
| Court: | Nineteenth Judicial Circuit in and for St. Lucie County, Florida |
| Case #: | 562020CA000854AXXXHC |
| Court Case #: | 2020CA000854 |
| Case Style: | FEATHERSTONE, GINGER vs. FLOOR AND DECOR OUTLETS OF AMERICA INC |

Not only did Defendant receive the discovery responses, including interrogatory answers, on

August 14, 2020, but clearly reviewed them, sufficiently enough to identify alleged deficiencies, then

*respond to the service email* to request a teleconference with the undersigned.[1] (See August 14, 2020

email, excerpted below and attached hereto as ***Exhibit B***).

**Lara Sucharski**

| | |
|---|---|
| **From:** | Joseph A. Cafaro <jcafaro@hightowerlaw.net> |
| **Sent:** | Friday, August 14, 2020 5:05 PM |
| **To:** | Lara Sucharski; Azul Rosales; GillenTeam |
| **Cc:** | Donna DeMarchi; eservice@eberstlaw.com |
| **Subject:** | RE: SERVICE OF COURT DOCUMENT CASE NUMBER 562020CA000854AXXXHC FEATHERSTONE, GINGER vs. FLOOR AND DECOR OUTLETS OF AMERICA INC |

**Lara (or whoever handles scheduling for your team),**

**Please let me know when Mr. Gillen is available for a phone conference next week to discuss the absolute insufficiency of these answers.**

**Based on what I see so far, we will not be canceling Thursday's hearing.**

**Thanks,**

**HSNK**  Joseph A. Cafaro, Esq.
330 Clematis St., Ste. 201
West Palm Beach, FL 33401
(561) 833-2022

---

[1] The teleconference between the parties took place August 18, 2020 and the "absolute insufficiency" referenced in
Joseph Cafaro's August 14, 2020 email was limited to Plaintiff's response to Request for Admission 2, 24, and 25,
which thereafter was the basis for Defendants' *Motion to Deem Request for Admissions Admitted, To Compel Better
Response, or to Limit Damages*, filed in state court, and opposed in D.E. 9, filed by Plaintiff on September 29, 2020.

The information received by Defendant which Defendant acknowledges "triggers" the 30-day timer for removal, specifically the amount of monetary damages, was received by and known to Defendant on August 14, 2020. While the actual medical bills were not received by Defendant until August 17, 2020, the amount of the medical bills and out of pocket expenses was disclosed in Plaintiff's answers to interrogatories, which Defendant quoted word-for-word as the basis for removal due to the amount in controversy and the fact that Plaintiff is still treating (D.E. 1 at ¶26)

> **19. I do not know the total amount of the bills. I know the hospital visit was around $59,000. My out of pocket expenses are around $1,500 so far. I just started physical therapy this week so those are additional bills that will be coming.**

*See Plaintiff's Answers to Interrogatory #19, D.E. 1-6.*

Additionally, in Defendant's Removal Status Report (D.E. 5), Defendants indicate the amount in controversy is satisfied as "Plaintiff has  . . provided information indicating that her special damages are approximately $61,500.00 and actively accruing."   (D.E. 5, page 3) Defendants further cite to Plaintiff's accruing physical therapy bills and other medical follow ups. *Id.*   Lastly, Defendants note six categories of non-economic damages included in Plaintiff's Complaint when filed as a basis for removal. *Id.* As quoted above, the information regarding the amount of Plaintiff's economic damages and the need for additional physical therapy was included in Plaintiff's Answers to Interrogatories #19 (D.E. 1-6) which were served on Defendants on August 14, 2020.  Additionally, Plaintiff's Answers to Interrogatory #14, also cited in the notice of removal, detailed that Ginger Featherstone was still unable to walk and non-weight bearing with a boot, and that the fibula bone had not yet knit together.

The information upon which Defendants premised the amount in controversy was available to them in the Complaint (non-economic damage categories) and in the Answers to Interrogatories (economic damages and medical condition) and was readily ascertainable on August 14, 2020

when received and reviewed by Defendants' counsel. This untimely filing of the notice of removal mandates remand of this case as this Court lacks subject matter jurisdiction as Defendants have waived their right of removal by not complying with 28 U.S.C. §1446(b).

### E.  Orlando Adames is a Proper Party

With respect to the merits of Defendants' claim of fraudulent joinder of Orlando Adames, Florida law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment.  *White v. Wal-Mart Stores, Inc.*, 918 So.2d 357, 358 (Fla. 1st DCA 2005). Defendants contend there is fraudulent joinder for two reasons. First, Defendants claim Plaintiff has no possibility of proving a cause of action against Orlando Adames (D.E. 1 at ¶ ¶ 38, 39). Second, Defendants contend that Plaintiff's claim against Floor and Decor has no real connection to the claim against Orlando Adames, the nondiverse defendant, and there is no joint, several or alternative liability with Defendant Adames, a fraudulent misjoinder allegation.  (D.E. 1 and ¶¶38, 39, 41).

Defendants contend that Mr. Adames was fraudulently joined in this action and his citizenship should not be considered when examining diversity of the parties or consent to removal. Defendants contend Mr. Adames could not be liable to Plaintiff as he was not present at the Floor and Décor at the time of Ginger Featherstone's injury.

Additionally, Defendant has submitted the affidavit of Orlando Adames wherein he testifies he was not present at the Floor and Décor store on the date of the injury to Plaintiff. (D.E. 1-8, ¶6).  Further, Mr. Adames testifies he was not involved in the "planning, selecting, or placing of the display which Plaintiff alleges was negligently present in Store #191."  (D.E. 1-8, ¶7). Defendant's testimony fails to address the issue of negligent maintenance, failing to correct, as

well as negligent failure to warn of the hazardous condition (Plaintiff's Complaint at ¶34). Additionally, Plaintiff's Complaint alleges that Orlando Adames failed to follow Floor and Décor policies and procedures which would have prevented this incident. (Plaintiff's Complaint at ¶35).

As the store manager, Mr. Adames is personally responsible for the store, as well as its operations, the condition of its displays, inspection schedules/procedures, ensuring safe premises, and with compliance with company procedures. The Floor and Décor's job description for the position held by Orlando Adames at the time of the incident states as follows:

> **"At Floor and Décor, Store Manager/CEMs own the box, run the box, and get to create the playbook** that drives business success… **The Store Manager/CEM is responsible** for providing strong leadership to the store team and executing solid sales generation and operational strategies while ensuring customer satisfaction, maximum productivity and profitability, **proper inventory control and compliance with company procedures."**

*See Exhibit C*, www.careers.flooranddecor.com website Job Description for *"Chief Executive Merchant (Store Manager)"* emphasis added. The circumstances of the instant case are distinguishable from those presented in the case law cited by Defendants, in that this is not simply a matter of spilled liquid in a store aisle, a hazard existing within a short and specific period of time, unknown or unknowable to an absent store manager. Rather, the display which caused Ginger Featherstone's injury was a semi-permanent feature within the footprint of the store under the direct control and supervision of Mr. Adames.

Notably, prior to removal, Plaintiff served discovery, seeking Floor and Décor's policies and procedures pertaining to floor displays like the one which injured Plaintiff, but Floor and Décor refused to produce same, claiming the request was overly broad, vague, and ambiguous, and produced nothing. This case was removed prior to Plaintiff calling up the objections for hearing and/or pursuing a motion to compel.

The  Defendants describe this case as a "trip and fall" in the Notice of Removal and include the affidavit of Mr. Adames to attest to the fact he was not present in the store at the time of the fall in a misplaced effort to fit this case within the caselaw they cite as to why Mr. Adames could never be personally liable.  (D.E. 1, ¶¶38, 39). A review of Plaintiff's Answers to Interrogatories reveal that Defendants mischaracterize this incident in the Notice of Removal, in an effort to achieve its end.[2] In fact, the claim put forth by Plaintiff is not a "slip and fall" like the Court may be picturing, but really a failure to maintain reasonably safe premises.  (D.E. 1-1 at ¶¶25-29). While it is correct that Ginger Featherstone lost her balance and fell, the injuries she sustained were due to her foot being caught beneath a raised and unguarded display and the edge of the display platform acting like a fulcrum when she fell, breaking the bones in her lower leg.  It was not the impact with the ground that caused Plaintiff's injury, but rather the design, selection, placement, maintenance, inspection, and servicing of the display that caused her injuries.

The burden of proving fraudulent joinder rests upon the Defendant.  "As such, '[w]hen considering a motion to remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Tran v. Waste Management, Inc.*, 290 F.Supp2d 1286, 1293 (M.D. Fla. 2003) quoting *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997).  In other words, a "district court's authority to look into the ultimate merits of the plaintiff's claims must be limited to checking for *obviously fraudulent or frivolous claims." Id.*

---

[2] See D.E. 1-6 at No. 4:

Interrogatory No. 4:
With respect to the incident, please describe how, when, and why the incident occurred, describing in detail what actions taken by you to avoid, prevent, or mitigate the occurrence of the incident.

ANSWER: We were shopping for backsplash tile.  We went to the store and first went to the back to look at some of the larger pieces but then went to the left wall where the backsplash tile was.  I found one I liked and bent down to look to see if there was enough or if we'd need someone to check the back.  As I stood up, I bumped into a portable tile display in the aisle.  I lost my balance and tried to hang onto my cart to not fall, but I couldn't and caught my foot on the portable display – breaking my leg in two places

The moving party must prove that it would not be possible for a state court to find that "plaintiff[s] state even a colorable claim against the resident defendant." *Pacheco de Perez v. AT & T Co.,* 139 F.3d 1268, 1380 (11th Cir. 1998). In determining whether remand is appropriate, a district court evaluates the allegations of the complaint in the light most favorable to the plaintiff, resolving any uncertainties regarding state law in favor of the plaintiff. *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997).

In *Marinelli v. Carter*, the court looked at a fraudulent joinder analysis against an elevator repairperson who was personally named in a lawsuit for negligent repair when an elevator failed several days after he adjusted the elevator brakes. *Marinelli v. Carter*, Case No. 8:19-cv-2041-T-36CPT (Fla. M.D. March 17, 2020). The elevator repairperson had been named personally as well as his employer for his work on the elevator prior to it causing injury to plaintiff. *Id.* Schindler, the employer of the repairperson argued, as here, its employee was fraudulently joined as plaintiff did not allege personal and active participation in the tort. *Id.* The court noted the plaintiff intended to pursue a judgment against the repairperson arising out of the same occurrence that gives rise to liability for the other defendants. Id. The court declined to evaluate the merits of the claim except to determine a colorable argument could be made against the repairperson. *Id.*

In *Murray v. Teledyne Cont. Motors, Inc.*, the court was examining whether two airplane maintenance companies were fraudulently joined in a lawsuit concerning a plane crash. *Murray v. Teledyne Continental Motors, Inc.*, Case No. 09-61644CIV-Altonaga/Brown, 2010 WL 62978 (Fla. S.D. January 5, 2010). Defendants contended the two companies, one which merely provided fueling service, and the other which provided maintenance service to the airplane were fraudulently joined. *Id.* (A third maintenance company was named but dismissed without prejudice when the company produced an uncontroverted affidavit it had never performed work

of any kind on the plane. *Id.*)

The fueling company provided three affidavits all of which detailed fueling the plane and made no mention of a duty to inspect, service, maintain, or repair the airplane's engine. *Id.* The court found there was not fraudulent joinder with respect to the aircraft fueling company that was alleged to have breached its duty to inspect, service, maintain and repair the airplane engine, despite there being three affidavits from the defendant setting forth its employees only provided fuel and saw the pilot pouring oil into the engine. *Id.* The court held that because there was a possibility plaintiff may have a viable claim against the defendant, the defendant had not demonstrated fraudulent joinder. *Id.* As to the second maintenance company, its affidavit acknowledged the company worked on plaintiff's plane, but contended plaintiff had not shown the type of work performed could cause the in-flight fire. *Id.* The court disagreed, noting that as this company provided work several months prior to the crash, plaintiff had at least a potential claim against it. *Id.*

Similar to the affidavits in *Murray*, Orlando Adames' affidavit does not overcome the allegations of the Complaint so that it can be said, as a matter of law, that Plaintiff's claim against Adames is not "an arguable one under state law." *Pacheco de Perez*, 139 F.3d at 1380-81.

In *Hunt v. Target Corp.*, the court examined the sufficiency of an affidavit used to challenge fraudulent joinder. *Hunt v. Target Corp.*, Case No. 14-80266-CIV-MARRA/MATTHEWMAN, 2014 WL 1515262 (S.D. Fla. Apr. 18, 2014). In *Hunt*, the court noted the affidavit of the store manager, who was personally named, was conclusory and failed to address all the allegations in plaintiff's complaint. *Id.* "Specifically, the portions of the affidavit which assert that Russell 'was not personally involved in any tortious act or conduct' and he 'did not cause or contribute to the dropping or placement of any liquid substance or other substance on the floor' are conclusory.

Therefore, the affidavit does not meet Target's burden." *Id.* (Internal citation omitted). Additionally, the affidavit in *Hunt* failed to address allegations in plaintiff's complaint that the manager had a duty to maintain the premises from unsafe conditions or utilize reasonable care in the design, planning, inspection, and maintenance of the premises. *Id.* In light of these deficiencies in the manager's affidavit, the court could not conclude he had been fraudulently joined. *Id.*

In this case, the affidavit of Orlando Adames likewise contains conclusory allegations which should not be considered by this Court. (D.E. 1-8 at ¶¶8, 9, 10). Mr. Adames offers the conclusory statements that he, "did not and could not have committed any of the acts or omissions complained of by Plaintiff", "there was nothing I could have done to avoid said accident", and, "I have been fraudulently joined to this lawsuit." Just as in *Hunt*, these conclusory statements should be discounted by the Court in determining whether Plaintiff has a possible cause of action against Mr. Adames as they are unsupported by facts.

Additionally, as in *Hunt,* Mr. Adames' affidavit likewise fails to address all of the allegations of negligence alleged in Plaintiff's Complaint. Plaintiff's Complaint alleges Mr. Adames had a duty to reasonably inspect, implement inspection procedures, and cure hazardous conditions that existed on the property (Plaintiff's Complaint ¶¶33, 34). The affidavit of Mr. Adames is silent as to these allegations and the Court should conclude Plaintiff has alleged a possible cause of action such that Mr. Adames was not fraudulently joined for diversity consideration.

In this case, Defendants have not met their burden of establishing fraudulent joinder of Orlando Adames. The Defendants are asking this Court to speculate as to culpability of Mr. Adames by making conclusory statements without providing any factual support for the Court to rely upon in assessing whether Plaintiff has a possible cause of action against Mr. Adames.

Joinder of parties may be allowed if "(A) they assert any right to relief jointly, severally, of in the alternative in respect of or arising out of the same transaction, occurrent, or series of transactions or occurrences; and (B) if any question of law or fact common to all these persons will arise in the action." *See Fed. R. Civ. P. 20(a)*.  While Defendants contend the cause of action against Mr. Adames is not related to the cause of action against Floor and Décor in ¶39 of the Notice of Removal, a review of the Complaint in this matter would show the relief sought arises out of the same occurrence. (D.E. 1 at ¶39).  Plaintiff's Complaint at ¶7 sets out a single incident on a single day and time when Ginger Featherstone's foot was entrapped, and she fell and was injured.  The existence of a dangerous condition on the premises on that day would permeate claims against both Floor and Décor as well as Orlando Adames.  The naming of Mr. Adames is not fraudulent joinder.

### F.  Conclusion

Defendants, as the removing party, bear the burden of establishing this Court has jurisdiction.  The Defendants have waived their right to removal by failing to timely remove this case once it was readily ascertainable from the discovery responses that the amount in controversy was satisfied.  This case is likewise ripe for remand as Defendants have failed to establish Plaintiff fraudulently joined Orlando Adames as Florida law recognizes the cause of action Plaintiff is proceeding pursuant to, and the affidavit of Mr. Adames is conclusory and fails to address all of the allegations of negligence in Plaintiff's Complaint.

WHEREFORE, Plaintiff respectfully requests Plaintiff's Motion to Remand be granted and

this case remanded to circuit court, St. Lucie County, Florida.

Respectfully Submitted this 7th day of October 2020.

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2020 I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to the following:

Joseph Cafaro; jcafaro@hightowerlaw.net, arosales@hightowerlaw.net,
wpbservice@hightowerlaw.net

/s/P. Alexander Gillen
**P. ALEXANDER GILLEN, ESQ.**
Florida Bar No.: 470724
**NEWSOME / MELTON**
201 S. Orange Avenue, Suite 1500
Orlando, Florida 32801
Telephone: (407) 648-5977
Facsimile:  (407) 648-5282
gillen@newsomelaw.com
sucharski@newsomelaw.com
cardosa@newsomelaw.com
*Counsel for Plaintiff*

10/1/2020                                   Mail - Lara Sucharski - Outlook        EXHIBIT A

### RE: SERVICE OF COURT DOCUMENT CASE NUMBER 562020CA000854AXXXHC FEATHERSTONE, GINGER vs. FLOOR AND DECOR OUTLETS OF AMERICA INC

Lara Sucharski <sucharski@newsomelaw.com>
Fri 8/14/2020 5:02 PM

**To:** jcafaro@hightowerlaw.net <jcafaro@hightowerlaw.net>; arosales@hightowerlaw.net <arosales@hightowerlaw.net>; GillenTeam <gillenteam@newsomelaw.com>
**Cc:** Donna DeMarchi <DDeMarchi@eberstlaw.com>; eservice@eberstlaw.com <eservice@eberstlaw.com>
**Bcc:** Alex Gillen <gillen@newsomelaw.com>; Olivia Cardosa <cardosa@newsomelaw.com>; Lara Sucharski <sucharski@newsomelaw.com>

📎 9 attachments (2 MB)
Notice Of Serving Answers To Interrogatories.pdf; Notice Of Serving Answers To Interrogatories.pdf; Notice Of Serving Answers To Interrogatories.pdf; Response To Request For Admissions.pdf; Response To Request For Production.pdf; Response To Request For Production.pdf; Ptf Answers to Rogs .pdf; Ptf Answers to Collateral Source Rogs..pdf; Ptf Answers to Medicare Rogs..pdf;


## Notice of Service of Court Documents
### Filing Information

| | |
|---|---|
| Filing #: | 111839015 |
| Filing Time: | 08/14/2020 04:43:15 PM ET |
| Filer: | Patrick Alexander Gillen 407-648-5977 |
| Court: | Nineteenth Judicial Circuit in and for St. Lucie County, Florida |
| Case #: | 562020CA000854AXXXHC |
| Court Case #: | 2020CA000854 |
| Case Style: | FEATHERSTONE, GINGER vs. FLOOR AND DECOR OUTLETS OF AMERICA INC |

### Documents

| Title | File |
|---|---|
| Notice Of Serving Answers To Interrogatories | Ptf NOS Answers to Collateral Source ROGS.pdf |
| Notice Of Serving Answers To Interrogatories | Ptf NOS Answers to Medicare ROGS.pdf |
| Notice Of Serving Answers To Interrogatories | Ptf NOS Answers to ROGS.pdf |
| Response To Request For Admissions | Ptf Resp to RFA.pdf |
| Response To Request For Production | Featherstone's Response to Floor Decor's Request For Production.pdf |
| Response To Request For Production | Featherstone's Response to Floor Decor's Medicare Request For Production.pdf |




**Lara Sucharski**
Paralegal at Newsome Melton

**Address** 201 S. Orange Ave., Ste. 1500, Orlando, FL 32801
**Phone** (407) 648-5977   **Fax** (407) 648-5282
**Email** sucharski@newsomelaw.com
**Website** www.NewsomeLaw.com

 

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.

EXHIBIT B

**Lara Sucharski**

| | |
|---|---|
| **From:** | Joseph A. Cafaro <jcafaro@hightowerlaw.net> |
| **Sent:** | Friday, August 14, 2020 5:05 PM |
| **To:** | Lara Sucharski; Azul Rosales; GillenTeam |
| **Cc:** | Donna DeMarchi; eservice@eberstlaw.com |
| **Subject:** | RE: SERVICE OF COURT DOCUMENT CASE NUMBER 562020CA000854AXXXHC FEATHERSTONE, GINGER vs. FLOOR AND DECOR OUTLETS OF AMERICA INC |

Lara (or whoever handles scheduling for your team),

Please let me know when Mr. Gillen is available for a phone conference next week to discuss the absolute insufficiency of these answers.

Based on what I see so far, we will not be canceling Thursday's hearing.

Thanks,



Joseph A. Cafaro, Esq.
330 Clematis St., Ste. 201
West Palm Beach, FL 33401
(561) 833-2022

---

**From:** Lara Sucharski [mailto:sucharski@newsomelaw.com]
**Sent:** Friday, August 14, 2020 5:01 PM
**To:** Joseph A. Cafaro <jcafaro@hightowerlaw.net>; Azul Rosales <ARosales@hightowerlaw.net>; GillenTeam <gillenteam@newsomelaw.com>
**Cc:** Donna DeMarchi <DDeMarchi@eberstlaw.com>; eservice@eberstlaw.com
**Subject:** RE: SERVICE OF COURT DOCUMENT CASE NUMBER 562020CA000854AXXXHC FEATHERSTONE, GINGER vs. FLOOR AND DECOR OUTLETS OF AMERICA INC

## Notice of Service of Court Documents

## Filing Information

| | |
|---|---|
| Filing #: | 111839015 |
| Filing Time: | 08/14/2020 04:43:15 PM ET |
| Filer: | Patrick Alexander Gillen 407-648-5977 |
| Court: | **Nineteenth Judicial Circuit in and for St. Lucie County, Florida** |
| Case #: | 562020CA000854AXXXHC |
| Court Case #: | 2020CA000854 |

**EXHIBIT C**



Search by job title, location, department, category, etc. 🔍   📍 JOBS NEAR ME    JOIN OUR TALENT NETWORK

HOME   CAREER AREAS ▾   HIRING EVENTS   OPEN JOBS

# Chief Executive Merchant (Store Manager)

📍 Lutz, Florida, 33559

⭐ Add To Favorites   ⚙ View Favorites

## It's great being part of a culture where entrepreneurship and teamwork are not just buzzwords. If you love working with passionate people and desire the opportunity to grow, Floor & Decor is the place for you.

### PURPOSE

At Floor & Decor, Store Managers/CEMs own the box, run the box and get to create the playbook that drives business success. The Store Manager/CEM serves as the leader of a specialty big box retail store that sells hard surface flooring and related accessories. The Store Manager/CEM is responsible for developing and leading a high-performing team to drive retail sales and achieve competitive results in a highly complex store. The Store Manager/CEM is responsible for providing strong leadership to the store team and executing solid sales generation and operational strategies while ensuring customer satisfaction, maximum productivity and profitability, proper inventory control and compliance with company procedures.

### ESSENTIAL RESPONSIBILITIES

- Oversee retail store operations and store management teams to ensure sales goals are met and exceeded.
- Create and maintain successful partnerships with store, regional and Store Support Center associates.
- Use our CARE model to help associates create an environment that is friendly, helpful, knowledgeable and efficient for customers.
- Recruit, interview and select management team and sales associates to ensure store is properly staffed with maximum scheduling coverage, especially during peak traffic periods.
- Train and develop a high-performing management team and ensure high quality supervision, training and development of sales associates. Create practices to decrease associate turnover.
- Communicate performance standards and hold team members accountable for achieving standards. Provide regular coaching, feedback and performance discussions with associates.
- Ensure brand standards, brand consistency, store presentation standards and operating standards are achieved/exceeded and maintained.
- Ensure compliance of payroll and business planning processes. Monitor, maintain and follow company policies; support company expectations and systems.

## Apply Now

First Name        Last Name

Email

☐ Email me about jobs like this

**Apply**

## Benefits & Rewards

- Bonus opportunities at every level
- Career advancement opportunities
- Relocation opportunities across the country
- 401k with discretionary company match
- Employee Stock Purchase Plan
- Referral Bonus Program
- Corporate Discount Programs
- Medical, Dental, Vision, Life and other Insurance Plans (subject to eligibility criteria)

## People Also Viewed

**Senior Director Regional Merchandising**
Orlando, Florida, 32803

**Chief Executive Merchant In Training (Store Manager)**
San Francisco, California, 94112