**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:18-CV-80039-ROSENBERG/REINHART**

GINGER FEATHERSTONE,

    Plaintiff,

v.

FLOOR AND DÉCOR OUTLETS OF
AMERICA, INC. and ORLANDO ADAMES,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO**
**REMAND AND DENYING PLAINTIFF'S MOTION TO STAY DISCOVERY**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand [DE 16]. Plaintiff's Motion to Remand has been fully briefed. For the reasons set forth below, the Plaintiff's Motion to Remand **DENIED**.

1. Plaintiff argues that this case should be remanded to state court for two reasons. First, because the Defendants failed to remove within the 30-day deadline required by the Federal Rules of Civil Procedure and 28 U.S.C. § 1446. And second, because Defendant Orlando Adames, the store's general manager, is a properly joined Defendant and, thus, the Parties are not diverse. DE 16.

2. The Court begins with Plaintiff's argument that the Notice of Remand was untimely. 28 U.S.C. § 1446 requires a removal petition to be filed within 30 days after a diverse defendant receives "a paper" from the plaintiff confirming that the amount in controversy exceeds the federal court $75,000 jurisdictional threshold.

3. The amount in controversy in this case was not facially apparent from Plaintiff's initial complaint in state court. DE 1-1. As a result, Defendants propounded discovery on this precise issue beginning July 2, 2020. *See* DE 1-2. On August 14, 2020, Plaintiff served her Answers to Interrogatories and Response to Request for Production without the medical records and bills that were referenced to throughout both sets of discovery responses. *See* DE 1-6; 1-7. On August 17, 2020, Defendants noticed that the August 14th responses were incomplete and notified Plaintiff. DE 19, Exhibit A. Plaintiff explained there was an issue with the scanned files submitted August 14, 2020 and that Plaintiff had been shorthanded. DE 19, Exhibits B. Plaintiff then provided Defendants with a link to

        the medical bills and records meant to be included in her August 14th response. *Id.* It was these bills and records that made it clear the $75,000 jurisdictional requirement was met in this case. Defendants removed this case 29 days later on September 15, 2020. Defendants' removal was therefore timely.

4. As to whether there is diversity in this case, under Florida law an officer or employee of a company may be personally liable for a tort, even if that employee was operating within the scope of his or her employment, if the employee's acts were due to *personal* fault. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005).

5. Plaintiff also argues that because the Defendant Orlando Adames, the manager of the store in which she slipped and fell, is a Florida citizen, diversity does not exist. Defendants argues that Mr. Adames was fraudulently joined solely to defeat the diversity jurisdiction of this Court.

6. A joinder of a party may be deemed fraudulent when there is no possibility that a plaintiff can prove a cause of action against a non-diverse defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

7. Defendants attempts to meet its burden of showing Plaintiff cannot possibly prove her claims against Mr. Adames by providing an affidavit of Mr. Adames that attests, *inter alia*, that he (1) was not present in the store at any time material to Plaintiff's allegations, (2) that in his position he had no part in or ability to change the planning, selecting, or placing of the floor display over which Plaintiff tripped, and (3) because he was not present at the store at the time of Plaintiff's incident, there was nothing he could have done to avoid the incident. DE 1-8. *See Pacheco v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (the Court may consider affidavits to determine whether a defendant was fraudulently joined).

8. Plaintiff has not filed a counter-affidavit and she does not dispute the assertions in Defendant Adames' affidavit in her Reply [DE 20]. Although questions of fact are generally resolved in favor of a plaintiff in these circumstances, *undisputed* facts raised in a defendant's affidavit are not resolved in favor of a plaintiff. *See Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005).

9. Under Florida law, a store manager may only be personally liable for the causes of action alleged in the instant case if the manager was present and in control of the premises at the time of the accident. *White*, 918 So. 2d at 358; *McElveen v. Peeler*, 544 So. 2d 270, 272 (Fla. Dist. Ct. App. 1989); *Thomas v. Big Lots Stores, Inc.*, 2011 WL 3035269 (M.D. Fla. July 25, 2011).

10. The Court therefore finds, pursuant to Defendants' affidavit and Plaintiff's failure to file a counter-affidavit, that Defendants have met their "heavy burden" to show

>  Plaintiffs cannot state a claim against Mr. Adames. *See Pacheco*, 139 F.3d at 1380. Accordingly, Mr. Adames was fraudulently joined and is dismissed from this action. *See* Fed. R. Civ. P. 21.

11. In summary, the Court finds that in the absence of the fraudulently joined Defendant, Mr. Adames, the Parties have completely diversity and that 28 U.S.C. § 1332 is otherwise satisfied.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [DE 15] is **DENIED** and Count II against Mr. Adames is **DISMISSED**. Plaintiff's Motion to Stay Discovery [DE 16] is **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 27th day of October, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record